IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**                                                          Case No. 4:01cr14-RH
                                                                 Case No. 4:05cv139-RH/WCS

**ALFRED FOOTMAN,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR SPECIFIC PERFORMANCE**

    This cause is before the court on Defendant's motion for specific performance and memorandum of law.  Doc. 78.  Defendant asserts that his plea agreement was to provide substantial assistance to the Government through the assistance of his son.  He kept up his part of the agreement but, it is argued, the Government did not.  Defendant asserts that under <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005), this court now has the power to rule any way it wants to under the Sentencing Guidelines, and asks the court to grant relief under the totality of the facts.

Defendant previously sought relief pursuant to 28 U.S.C. § 2255.  Doc. 57.  The motion was denied with prejudice.  Docs. 67, 69, and 70 (report and recommendation, order, and judgment entered on May 18, 2004).  Reconsideration was denied.  Doc. 72.

Defendant then filed a motion for relief judgment pursuant to Fed.R.Civ.P. 60(b).  Doc. 73.  This court found it lacked jurisdiction, as the motion was essentially a second or successive § 2255 motion which had not been authorized by the court of appeals.  Docs. 74, 76, and 77 (report and recommendation, order, and judgment entered on September 9, 2004).  The court relied, *inter alia*, on Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253 (11th Cir. 2004), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965 (2005).  Doc. 74 (incorporated herein by reference), pp. 2-3.

As with the purported Rule 60(b) motion, the court should construe the instant motion as an attempt to file a second or successive motion under § 2255.  *See* Gonzalez, 366 F.3d at 1277, n. 10 (the limitations on recharacterizing a document as a first § 2255 motion do not extend beyond initial filings, or allow movant to evade the restrictions on second or successive motions).  Defendant has not obtained authorization from the court of appeals, and this court may not consider his second or successive motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).  *See also* In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (denying leave to file

second or successive § 2255 motion raising a claim under <u>Booker</u> and <u>Blakely v. Washington</u>, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)).[1]

It is therefore respectfully **RECOMMENDED** that Defendant's motion for specific performance (doc. 78) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2005.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Defendant's Rule 60(b) motion relied on <u>Blakely</u> and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Doc. 74, pp. 1, 3, and n. 2.

Case Nos. 4:01cr14-RH and 4:05cv139-RH/WCS