**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


UNITED STATES OF AMERICA,

v.                                                    CASE NO. 4:01cr14-RH/WCS
                                                                   4:05cv139-RH/WCS

ALFRED FOOTMAN,

        Defendant.

_____/


## ORDER DENYING MOTION FOR SPECIFIC PERFORMANCE


This matter is before the court on the magistrate judge's report and recommendation (document 80), and the objections thereto (document 81). I have reviewed de novo the issues raised by the objections.

The report and recommendation addresses a motion filed by defendant that included two apparently unrelated assertions: first, that the government breached the plea agreement by failing to file a substantial assistance motion based on assistance provided by defendant's son; and second, that defendant is entitled to relief under *United States v. Booker*, 125 S. Ct. 738 (2005). The report and recommendation characterized defendant's motion as a second or successive motion under 28 U.S.C. §2255. Such a motion would properly be denied as beyond this court's jurisdiction, because no authorization has been granted by the

Court of Appeals for the filing of a second or successive §2255 motion.

Defendant now asserts, however, that his motion is not a §2255 motion at all, but a motion for specific performance of the plea agreement.  I assume for purposes of this order that such a motion for specific performance is not a §2255 motion.[1]  I also assume, for purposes of this order, that defendant's motion should be considered de novo on the merits.

Even considered in that fashion, defendant's motion is unfounded.  Indeed, defendant previously raised and lost on the merits this very same contention (that he should have received a substantial assistance motion based on his son's assistance) as part of an earlier §2255 motion.  *See* Report and Recommendation entered May 3, 2004 (document 67) at 16-18; Order of May 17, 2004 (document 69) at 4 (adopting report and recommendation).  That ruling was and remains correct.  *See, e.g., Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992) (holding in case not involving plea agreement that court could review government's failure to file substantial assistance motion only for

---

[1] There are at least colorable grounds for this assumption.  Section 2255 applies to claims that a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. §2255.  It is far from clear that this language extends to a defendant who claims his or her sentence is valid but that the government should be compelled, under a plea agreement, to file a substantial assistance motion, thus authorizing the court, if it wishes, to reduce the defendant's valid sentence.

unconstitutional motive such as racial or religious discrimination); *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000) (stating in case not involving plea agreement that government has discretion whether or not to file substantial assistance motion and that government's decision is reviewable only for unconstitutional motive, and upholding government's election, based on defendant's commission of another offense, not to file a substantial assistance motion, even though defendant in fact provided substantial assistance); *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993) (suggesting in dicta that plea agreement that preserves government discretion whether to file substantial assistance motion does not authorize court to review under "bad faith" standard the government's exercise of that discretion); *United States v. Wilcoxson*, 77 Fed. Appx. 505 (11th Cir. 2003) (unpublished table decision) (applying *Forney* as basis for upholding denial of relief in case from this district involving plea agreement with substantial assistance provision substantively identical to provision in the case at bar).

Other circuits have taken a different approach. *See, e.g., United States v. Rexach*, 896 F.2d 710 (2d Cir. 1990) (holding that when a plea agreement provides that substantial assistance will be determined in the discretion of the prosecutor, then "the Court's role is limited to deciding whether the prosecutor has made its determination in good faith"). But that of course does not help defendant in the case at bar; this case is being litigated in the Eleventh Circuit and thus is controlled

by *Forney*.  And while the circuit split on this issue presents a nice question, it ultimately makes no difference in the case at bar, because defendant has alleged no *facts* indicating that the government acted either with an unconstitutional motive or even in bad faith.  To the contrary, the government has provided a good faith explanation of its decision not to file a substantial assistance motion, as set forth in the May 2004 report and recommendation.

Finally, to the extent defendant's motion could be construed as also asserting a *Booker* claim, the instant report and recommendation is correct that the contention is not properly before the court, because at this point such a claim could only be made by motion under §2255, and the Court of Appeals has not authorized the filing of a second or successive §2255 motion.

For these reasons,

IT IS ORDERED:

The report and recommendation (document 80) is ACCEPTED. Defendant's "motion for specific performance" (docketed twice, as documents 78 and 79) is DENIED.

SO ORDERED this 16th day of June, 2005.

s/Robert L. Hinkle
Chief United States District Judge