IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                      Case No. 4:01cr14-RH

vs.

**ALFRED FOOTMAN,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

This cause is before the court on Defendant's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).  Doc. 101.  Defendant seeks relief from the denial of his 28 U.S.C. § 2255 motion on May 17, 2004.  Defendant relies upon Clisby v. United States, 960 F.2d 925 (11th Cir. 1992).  In Clisby, a state prisoner sentenced to death sought federal habeas corpus relief, and the district court granted relief with respect to the sentence but reserved judgment on other claims.  960 F.2d 926-927.  On appeal the Eleventh Circuit found error, and exercised its supervisory authority by "instruct[ing] the district courts to resolve all claims for relief . . . regardless whether habeas relief is granted or denied."  Id., at 936.

**Procedural Background**

Following his entry of a guilty plea, Defendant was sentenced to terms of imprisonment of 108 months and 60 months, to be served consecutively.  Doc. 25 (judgment entered on the docket on August 20, 2001).  He appealed the sentenced, and the judgment was affirmed.  Doc. 53.

Defendant filed a § 2255 motion to vacate the sentence.  Doc. 57 (amended motion). The motion was denied by order of May 17, 2004, and judgment was entered on the docket on May 18, 2004.  Docs. 69 and 70.  The order adopted my report and recommendation over Petitioner's objections, docs. 67 and 68, and set forth additional analysis.  The court entered a written order denying Defendant's motion for reconsideration.  Doc. 72.  Defendant did not appeal, though he later filed a motion for relief from the order denying reconsideration.  Doc. 83.  The motion was denied.  Doc. 84.  Defendant filed a notice of appeal and a request for certificate of appealability as to this order (doc. 84), but a certificate of appealability was denied and the appeal dismissed.  Docs. 85-86, 88, 99, and 100.

Defendant filed a motion for relief from judgment dated July 13, 2004, challenging the judgment denying his § 2255 motion.  Doc. 73.  The motion was summarily dismissed.  Docs. 74 (recommendation), 76 (order), and 77 (judgment entered on the docket on September 9, 2004).  Defendant did not appeal.

Defendant then filed a motion for specific performance (docketed twice as docs. 78 and 79).  This was denied.  Doc. 82.

**Application of § 2255 and Rule 60(b)**

As Defendant has already been denied § 2255 relief, he must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  *See also* doc. 74 (recommending dismissal of prior Rule 60 motion on this basis).

The difference between a true Rule 60(b) motion and an unauthorized second or successive 28 U.S.C. § 2254 habeas corpus petition was explained in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  A Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is in substance a successive petition, or at least sufficiently similar to one to be treated accordingly.  125 S.Ct. at 2647 (discussing the language of § 2244(b) and agreeing with the circuit courts which had considered the question) (citations omitted).  Section 2255 does not use the "claim" language set forth in § 2244(b),[1] but provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."  § 2255 ¶ 8.  It references § 2244, and it seems clear that a Rule 60 motion presenting a "claim" as defined in <u>Gonzalez</u> would be considered a second or successive § 2255 motion.

---

[1] Subsections § 2244(b)(1) and (2) refer to "[a] claim presented in a second or successive habeas corpus application under section 2254" that either was or was not "presented in a prior application," so the Court found it clear that "an 'application' for habeas relief is a filing that contains one or more 'claims.'"  125 S.Ct. at 2647.

*See*, Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004) (affirmed on other grounds by the Supreme Court in Gonzalez) (noting no material difference between § § 2254 and 2255 for purposes of Rule 60[2]); United States v. Nelson, 465 F.3d 1145, 1147-49 (10th Cir. 2006) ("the same mode of analysis" used in Gonzalez applied to purported motion to amend § 2255 motion which had already been denied); motion was essentially a second or successive § 2255 motion).

      Examples of claims presented by Rule 60 which should be subject to the limitations on second or successive petitions included: presentation of a claim that was omitted from a prior application due to alleged excusable neglect; argument to support a claim previously denied based on newly discovered evidence; or argument that prior denial of relief was in error based on an intervening change in substantive law. *Id.*, at 2647. A motion attacking the prior denial of relief on the merits would also qualify, "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. *Id.*, at 2648. On the other hand, this is not the case "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* (footnote omitted).

---

      [2]The Eleventh Circuit's opinion addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo). Certiorari was only granted as to Gonzalez, and the Supreme Court expressly limited its Gonzalez opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254. 125 S.Ct. at 2646, n. 3. *See* Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the Eleventh Circuit's *en banc* decision in Gonzalez).

Case Nos. 4:01cr14-RH

By "on the merits," the Court referred "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Id.*, n. 4. A petitioner does not make such a claim "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

As summarized by the Tenth Circuit, a true 60(b) motion under Gonzalez either "challenges only a procedural ruling . . . which precluded a merits determination," or "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Spitnas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing Gonzalez).

**The Rule 60 Motion**

In his current motion, Defendant claims that he is not attacking the underlying conviction and sentence, but the integrity of the § 2255 proceeding based on the court's failure to resolve *all* claims presented in violation of Clisby. Doc. 101, p. 2. In support, he alleges that ground two of his § 2255 motion "clearly outlined" that his 18 U.S.C. § 924(c) conviction (count three) "was illegal under both [Fed.R.Crim.P.] 11(b) and 11(b)(3)." *Id.*, p. 2. The Government's response addressed both arguments, but my report and recommendation addressed only 11(b)(2) and not 11(b)(3). *Id.* While the report and recommendation mentioned that ground five alleged ineffective assistance of counsel for advising Defendant to enter a plea to count three though it lacked a factual basis, the court failed to entertain the 11(b)(3) claim and did not use the terms "factual basis" or 11(b)(3). *Id.*, p. 2 and nn. 2 and 5.

Case Nos. 4:01cr14-RH

Defendant argues that his objections to the report and recommendation "clearly argue[d] and reaffirmed his arguments as to both [Fed.R.Crim.P.] 11(b)(2) and (b)(3)." *Id.*[3] He asserts he did not waive a Clisby violation for failing to make the argument, citing Jones v. Secretary for the Dept. Of Corrections, 131 Fed.Appx. 164 (11th Cir. 2005), particularly as the Eleventh Circuit had not yet held applied Clisby to a § 2255 case. *Id.*, n. 4. Defendant argues that Clisby requires the court to consider every claim for relief raised; a "claim for relief" is any allegation of constitutional violation; and his was an allegation of a constitutional violation because:

> Footman's guilty plea to count III on a § 924(c) offense was taken under [an] Alford Plea. A claim that there was no factual basis to accept [an] Alford plea, is an [allegation of] constitutional error.

*Id.*, p. 3 and n. 6 (citations omitted).

**Analysis**

If Defendant is correct that this court failed to address or resolve an issue squarely presented, then the motion should not necessarily be treated as a second or successive § 2255 motion. "The defect lies not in the district court's resolution of the merits of [this] claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented in" the prior motion." Spitnas, 464 F.3d at 1224-25; *see also* Peach v. United States, 468 F.3d 1269, 1271-72 (10th Cir. 2006) (argument that the district court failed to rule on petitioners claim alleged a defect in the integrity of the § 2255 proceedings, and was a "true" Rule 60(b) claim) (*following*

---

[3] Defendant filed only general objections, stating that he lacked sufficient time to spend in the law library and asking that his § 2255 motion be liberally construed and granted in full. Doc. 68.

Spitnas). The court therefore reviews the prior § 2255 proceedings and the claim now raised.

Defendant entered his plea and was sentenced in 2001. At that time, Fed.R.Crim.P. 11(f) provided that, "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Rule 11 was amended in 2002. As amended, similar language is now under Rule 11(b)(3) ("[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

Defendant claimed in his § 2255 motion that his guilty plea on count three was not knowing and voluntary as there was no factual basis for the charge, and that but for counsel's ineffective assistance Defendant would not have entered a plea. Doc. 57, p. 3. Defendant argued that there was not "strong or sufficient evidence" of guilt as to count three, and the Government failed to present any proof of this charge. Doc. 57, supporting memorandum, p. 11 (p. 17 in electronic docket). Defendant referenced Rule 11(f) as requiring a factual basis for the guilty plea. *Id.*

Ground two was summarized as follows in the report and recommendation: "Defendant challenges his guilty plea to count three as unknowing and involuntary, as the charge of possession of firearms in furtherance of drug trafficking was unsupported by fact. § 2255 motion, p. 3; § 2255 memo, pp. 9-12." Doc. 67, p. 13. In connection with ground two, it was noted that "[i]n ground five, Defendant asserts ineffective assistance of counsel in erroneously advising him to plead guilty to count three when there was no factual basis. *Id.*, p. 20. He contends that, but for the alleged ineffectiveness, he would not have pleaded guilty to count three. *Id.*, p. 24." *Id.* The

court noted that Defendant asserted a violation of Rule 11(f). *Id.*, p. 14. I found no entitlement to relief on the basis that his plea was not knowing and voluntary, and also stated that "[t]he Government's evidence was clearly enough to obtain a guilty verdict as to this count." *Id.*, p. 15.

In denying the § 2255 motion the court found the recommendation "fully addresses Defendant's claims, is correct, and will be adopted as the opinion of the court," and additionally noted the following. Doc. 69, p. 1. As to the challenge to count three, the court found it clear that Defendant's plea was "knowing, voluntary, and intelligent." *Id.*, p. 3

> Even in hindsight, there is no reason to believe the decision to plead guilty was anything other than a wise decision. In all likelihood, Defendant would have been convicted if he had gone to trial, and his sentence would have been longer, because he would not have received a reduction in his offense level for acceptance of responsibility.

*Id.*, p. 3.

The court discussed its acceptance of guilty pleas under <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), noting that Defendant offered his <u>Alford</u> plea only as to count three. *Id.*

> Going to trial on count three would have made little sense for Defendant; *the close proximity of the drug possession and drug sales to the guns at issue, and the number of guns, would have made the chance of a conviction very strong*, and the down side for the Defendant – the reduced chance of getting credit for acceptance of responsibility and, more importantly, a substantial assistance motion – would have been significant.

*Id.*, pp. 3-4 (emphasis added).

Contrary to Defendant's assertion that the court failed to address his claim, the court specifically found a factual basis to support the plea.  The court did not cite Rule 11(b)(3) but its predecessor, Rule 11(f), as cited in the § 2255 motion and applicable to Defendant.  Further, it seems Defendant is equating his claim of innocence with a claim of an absence of a factual basis to support the plea, but they are not the same.  Alford, 400 U.S. at 38-39 and n. 10, 91 S.Ct. at 168-169 and n. 10 (requiring a factual basis *and* inquiry into the expressed desire to enter a plea despite claim of innocence; noting Rule 11 expressly provides that the court must be satisfied there is a factual basis for the plea).  The Government filed a statement of facts, signed by Defendant, reflecting what the evidence would show at trial.  Doc. 19 (statement of facts reflecting what the Government's evidence would show at trial).

As it challenges the prior § 2255 proceeding on the merits, the Rule 60(b) motion is essentially an unauthorized second or successive § 2255 motion under Gonzalez and this court lacks jurisdiction to consider it.  § 2255 and § 2255 Rule 9.

Alternatively, to the extent Defendant's claim could be viewed as challenging only the integrity of the § 2255 proceedings, he is not entitled to relief under Rule 60(b) as he has not demonstrated extraordinary circumstances.  His claim that the court failed to address his factual basis claim is unsupported.  Moreover, the failure of this court to address a claim squarely presented, along with any other challenges to the court's ruling, should have been raised (as in Clisby) on appeal.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion, doc. 101, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 21, 20070.


　　　　　　　　　　　　　　　s/     William C. Sherrill, Jr.
　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case Nos. 4:01cr14-RH